# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WHITEHEAD,<br><br>           Petitioner,<br><br>   v.<br><br>KATHY MENDOZA-POWERS,<br><br>           Respondent. | 1:07-cv-00384-OWW-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DENY RESPONDENT'S MOTION TO DISMISS (Doc. 7)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his 1992 conviction for second degree murder in violation of Cal. Penal Code § 187. (Doc. 1).   Petitioner is serving a prison term of twenty years to life.  (Id.).    Petitioner filed the instant petition on March 9, 2007, challenging the decision of the Board of Parole Hearings ("the Board") to deny Petitioner parole.  On February 1, 2008, Respondent filed the instant motion to dismiss, contending that Petitioner's claims have never been exhausted in state court and therefore the petition should be dismissed.  (Doc. 7).

---

[1]This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and the exhibits to the motion.

**DISCUSSION**

    A.  <u>Procedural grounds for motion to dismiss</u>

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  <u>See</u> <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (1990); <u>White v. Lewis</u>, 874 F.2d 599, 602-603 (9th Cir. 1989); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194, n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

    B.  <u>Exhaustion of state remedies</u>

      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991);  <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

      A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis), <u>superceded by statute as stated in</u> <u>Williams v. Taylor</u>, 529 U.S. 432-434, 120 S. Ct. 1479 (2000).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

C. Petitioner's claims are exhausted under federal standards

In the petition before the Court, Petitioner raises two grounds for relief: (1) the Board's denial of parole is not supported by "some evidence;" and (2) because no parole criteria exist, the Board's decision denying parole is necessarily arbitrary and capricious.[2]   Respondent has lodged

---

[2]Petitioner also asserts a separate claim that he has a constitutional liberty interest in parole and that the reasons for denying parole are not supported by the evidence. Since no one challenges the proposition that Petitioner has a constitutional liberty interest in parole, and since the second ground for relief also contends that the Board's decision is not supported by the "some evidence" standard, the Court will address only the two grounds set forth in the body of these findings and

1   documents with the Court that establish that Petitioner sought to exhaust his remedies for these two

2   claims by filing a habeas corpus petition in the California Supreme Court.  (Doc. 7, Exh. 6).

3   However, that petition was denied by the California Supreme Court, which cited People v. Duvall,

4   9 Cal.4th 464, 474 (1995), as the basis for the denial.  (Doc. 7, Exh. 7).  Under California law, a

5   citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity

6   for the state court to examine the merits of the claim, and/or has failed to "include copies of

7   reasonably available documentary evidence supporting the claim, including pertinent portions of trial

8   transcripts and affidavits or declarations."  Duvall, 9 Cal.4th at 474.

9          While conceding that Petitioner raised the instant claims in his action before the California

10   Supreme Court,  Respondent contends that state court remedies have not been exhausted because

11   Petitioner's California Supreme Court petition was denied on procedural grounds, i.e., by the citation

12   to Duvall.  Doc. 7, pp. 3-4).  Specifically, Respondent contends that Petitioner's state court petition

13   was denied either for lack of particularity or for his failure to provide "reasonably available

14   documentary evidence supporting [his] claim[s]."  (Id. at p. 3).  According to Respondent, because

15   Petitioner could have cured these defects by filing a new petition, the California Supreme Court "was

16   not given a fair opportunity to address [sic] merits of his claims because of the procedural context in

17   which they were presented."  (Id.).

18          In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a

19   state petition denied with a citation to In re Swain, 34 Cal.2d 300 (1949).  Like Duvall, a citation to

20   Swain stands for the proposition that a petitioner has failed to state his claim with sufficient

21   particularity.  In Kim, the Ninth Circuit found that the Swain citation indicated that the claims were

22   unexhausted because their pleadings defects, i.e., lack of particularity could be cured in a renewed

23   petition.  Kim, 799 F.2d at 1319.

24          However, in Kim, the Ninth Circuit also stated that it was "incumbent" on the district court,

25   in determining whether the federal standard of "fair presentation" of a claim to the state courts had

26   been met, to independently examine Kim's petition to the California Supreme Court.  Id. at 1320.

27   _____

28   recommendations.

1    "The mere recitation of In re Swain does not preclude such review." Id.  The Ninth Circuit has held

2    that where a prisoner proceeding pro se is unable to meet the state rule that his claims be pleaded

3    with particularity, he may be excused from complying with it.  Harmon v. Ryan, 959 F.2d 1457,

4    1462 (9th Cir. 1992)(citing Kim, 799 F.2d at 1321).  "Fair presentation" requires only that the claims

5    be pleaded with as much particularity as is practicable.  Kim, 799 F.2d at 1320.

6          Because Swain and Duvall stand for the same proposition, and applying the principles set

7    forth in Kim v. Villalobos, this Court will review Petitioner's habeas petition filed in the California

8    Supreme Court to determine whether his claims were "fairly presented" under federal exhaustion

9    standards.

10          In his state habeas petition to the California Supreme Court, Petitioner raised the same three

11    grounds for relief as in the instant petition, further supported by an eleven page brief containing

12    citations to state cases, statutes, and regulations, and asserting legal arguments regarding each of his

13    claims.  (Doc. 7, Exh. 6).  Regarding the operative second and third grounds for relief, Petitioner

14    contended that the Board's findings that Petitioner was not eligible for parole--because of the nature

15    of the crime, Petitioner's "escalating pattern of criminal conduct," his "inconclusive psychological

16    report," and his need for therapy--are not supported by "some evidence" because none of the factors

17    relied on by the Board were "probative of current dangerousness" and therefore the Board could not

18    have properly concluded that releasing him on parole would pose an unreasonable risk of danger.

19    (Doc. 7, Exh. 6, points and authorities , pp. 4-6).  In making this argument, Petitioner addressed in

20    detail each of the bases for denial of parole.  (Doc. 7, Exh. 6, points and authorities, pp. 5-9).

21          Regarding the third ground for relief, Petitioner argued that the burden of proof by a

22    preponderance of the evidence provides the Board with insufficient guidance to make its parole

23    determinations and that no statutes or regulations fill that void.  (Doc. 7, Exh. 6, points and

24    authorities, p. 10).  This "vacuum" in regulatory guidance, according to Petitioner, "renders every

25    decision of the Board arbitrary and capricious."  (Id.).

26          This Court has no difficulty discerning the legal and factual bases for Petitioner's claims.

27    Petitioner's contentions that the Board's decision is not supported by "some evidence" and that the

28    regulatory environment for the Board's decisions renders any parole denial arbitrary and capricious

1    are apparent to the Court and, if proven, would establish his entitlement to habeas relief.  The Court

2    finds that Petitioner has pleaded his claims with as much particularity as is practicable under the

3    circumstances.  See Kim, 799 F.2d 1320.  Because Petitioner's claims have been pled with

4    sufficient particularity, the Court finds that Petitioner has fairly presented his claims to the California

5    Supreme Court under federal exhaustion standards.  Because Petitioner's claims are exhausted,

6    Respondent's motion to dismiss should be denied.

7                                          **RECOMMENDATIONS**

8           Based on the foregoing, the Court RECOMMENDS that Respondent's motion to dismiss

9    (Doc. 7), be DENIED.

10          These findings and recommendations are submitted to the United States District Judge

11   assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

12   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

13   fifteen (15) days after being served with a copy of these findings and recommendations, any party

14   may file written objections with the Court and serve a copy on all parties.  Such a document should

15   be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the

16   objections shall be served and filed within ten (10) court days (plus three days if served by mail)

17   after service of the objections.  The District Judge will then review the Magistrate Judge's ruling

18   pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within

19   the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951

20   F.2d 1153 (9th Cir. 1991).

21

22

23   IT IS SO ORDERED.

24   Dated:   **July 10, 2008**                                        **/s/ Theresa A. Goldner**
                                                                    UNITED STATES MAGISTRATE JUDGE
25

26

27

28