# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WHITEHEAD,<br><br>    Petitioner,<br><br>v.<br><br>KEN CLARK,<br><br>    Respondent. | 1:07-cv-00384-OWW-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. 7]<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his 1992 conviction for second degree murder in violation of Cal. Penal Code § 187. (Doc. 1). Petitioner is serving a prison term of twenty years to life. (Id.). Petitioner filed the instant petition on March 9, 2007, challenging the decision of the Board of Parole Hearings ("the Board") to deny Petitioner parole.

On February 1, 2008, Respondent filed the instant motion to dismiss, contending that Petitioner's claims have never been exhausted in state court and therefore the petition should be dismissed. (Doc. 7). On July 11, 2008, the Court issued findings and recommendations to deny the motion to dismiss, and gave both parties time to file objections. (Doc. 8). On July 25, 2008, Respondent filed objections to the findings and recommendations. (Doc. 9). By order dated August 15, 2008, the Court withdrew the findings and recommendations.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "[a]n alleged failure to exhaust state remedies as to any ground in the petition may be raised by a motion by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S. Ct. 1715 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d at 668-669 (italics added).

In the petition before the Court, Petitioner raises three grounds for relief: (1) Petitioner has a liberty interest in parole and thus the Board's denial of parole is not supported by "some evidence;" (2) the panel's findings are not supported by the evidence; and (3) because no parole criteria exist, the Board's decision denying parole is necessarily arbitrary and capricious. Respondent has lodged documents with the Court that establish that Petitioner sought to exhaust his remedies for these claims by filing a habeas corpus petition in the California Supreme Court. (Doc. 7, Exh. 6). However, that petition was denied by the California Supreme Court, which cited People v. Duvall,

9 Cal.4th 464, 474 (1995), as the basis for the denial.  (Doc. 7, Exh. 7).  Under California law, a citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations."  Duvall, 9 Cal.4th at 474.

While conceding that Petitioner raised the instant claims in his action before the California Supreme Court,  Respondent contends that state court remedies have not been exhausted because Petitioner's California Supreme Court petition was denied on procedural grounds, i.e., by the citation to Duvall.  (Doc. 7, p. 3).  Specifically, Respondent contends that the Petitioner's state court petition was denied either for lack of particularity or for his failure to provide "reasonably available documentary evidence supporting [his] claim[s]."  (Id. at p. 4).  According to Respondent, because Petitioner could have cured these defects by filing a new petition, the California Supreme Court "was not given a fair opportunity to address [sic] merits of his claims because of the procedural context in which they were presented."  (Id.).

In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a state petition denied with a citation to In re Swain, 34 Cal.2d 300 (1949).  Like Duvall, a citation to Swain stands for the proposition that a petitioner has failed to state his claim with sufficient particularity.  In Kim, the Ninth Circuit found that the Swain citation indicated that the claims were unexhausted because their pleadings defects, i.e., lack of particularity, could be cured in a renewed petition.  Kim, 799 F.2d at 1319.

However, in Kim, the Ninth Circuit also stated that it was "incumbent" on the district court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had been met, to independently examine Kim's petition to the California Supreme Court.  Kim, 799 F. 2d at 1320.  "The mere recitation of In re Swain does not preclude such review."  Id.   The Ninth Circuit has held that where a prisoner proceeding pro se is unable to meet the state rule that his claims be pleaded with particularity, he may be excused from complying with it.  Harmon v. Ryan, 959 F.2d 1457, 1462 (9th Cir. 1992)(citing Kim, 799 F.2d at 1321).  "Fair presentation" requires only that the claims be pleaded with as much particularity as is practicable.  Kim, 799 F.2d at 1320.

1  Because Swain and Duvall stand for the same proposition, and applying the principles set
2  forth in Kim v. Villalobos, this Court will review Petitioner's habeas petition filed in the California
3  Supreme Court to determine whether his claims were "fairly presented" under federal exhaustion
4  standards.
5  According to the exhibits filed by Respondent, Petitioner submitted a transcript of his parole
6  hearing along with the habeas petition filed in the Los Angeles County Superior Court.  (Doc. 7,
7  Exh. 2).  However, he did not file such a transcript either in the California Court of Appeal or in the
8  California Supreme Court, nor did he file a transcript of the decisional portion of the challenged
9  panel decision. (Doc. 7, Exhs. 4 & 6). In the California Supreme Court, Petitioner raised the
10 following claims: (1) he has a liberty interest in parole and the Board's decision was not based on
11 "some evidence"; and (2) because the Board has no criteria for its decisions, its decisions are
12 necessarily arbitrary and capricious.  (Doc. 7, Exh. 6).  As mentioned, the California Supreme Court
13 denied the petition with a citation to Duvall.   (Doc. 7, Exh. 7).  Petitioner's failure to include a copy
14 of the Board hearing transcript along with his petition would be ample justification for the California
15 Supreme Court to dismiss the petition under Duvall since it could not address the merits of the
16 petition's allegations in the absence of such a transcript.
17 Moreover, as mentioned, the citation to Duvall did not foreclose a petitioner from re-filing
18 his petition in the California Supreme Court along with additional information or documents that
19 would have permitted that court to make a decision on the merits, thereby exhausting Petitioner's
20 claims. Kim, 799 F.2d at 1319.  Petitioner failed to follow this course.  Accordingly, the Court
21 concludes that Petitioner did not exhaust his claim in the California Supreme Court, and thus the
22 petition is unexhausted and must be dismissed.

### **RECOMMENDATIONS**

23
24 Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss (Doc. 7), be
25 GRANTED and the petition be dismissed.
26 These findings and recommendations are submitted to the United States District Judge
27 assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
28 Local Rules of Practice for the United States District Court, Eastern District of California.  Within

fifteen (15) days after being served with a copy of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within seven (7) <u>court</u> days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 15, 2008**                                        **/s/ Theresa A. Goldner**
                                                                     UNITED STATES MAGISTRATE JUDGE